[No. 46935-9-II.   Division Two.   June 14, 2016.]

THE STATE OF WASHINGTON, *Respondent*, v. KORAN RASHAD BUTLER, *Appellant*.

*Jodi R. Backlund* (of *Backlund & Mistry*), for appellant.

*Mark E. Lindquist, Prosecuting Attorney*, and *Jason Ruyf, Deputy*, for respondent.

¶1 WORSWICK, J. — Koran Butler appeals his convictions and sentence for forgery, second degree identity theft, and attempted second degree theft. He primarily argues that the trial court violated his constitutional right to a unanimous verdict by not issuing a unanimity instruction because the State provided insufficient evidence of one of the alternative means of committing identity theft. In the published portion of this opinion, we hold that identity theft is not an alternative means crime. In the unpublished

portion of this opinion, we consider and reject Butler's arguments regarding the trial court's reasonable doubt instruction, ineffective assistance of counsel, and legal financial obligations. We affirm Butler's convictions.

## FACTS

¶2 On February 3, 2014, Koran Butler attempted to cash a check at Heritage Bank in Tacoma. The check was made out for $1,500 and was to be paid to "K. Butler" for "auto work." Verbatim Report of Proceedings (VRP) (Oct. 28, 2014) at 78. Assistant branch manager Marlene Wheeler compared the signature on the check to the account holder's on-file signature and concluded the signatures did not match. Law enforcement officers arrived at Heritage Bank and arrested Butler.

¶3 The State charged Butler with second degree identity theft, forgery, and attempted second degree theft. The jury found Butler guilty of all three charges.

## ANALYSIS

¶4 Butler argues that the trial court instructed the jury on alternative means of committing identity theft without including a unanimity instruction, and because the State presented insufficient evidence to prove one of the alternative means, Butler's constitutional right to a unanimous verdict was violated. Butler did not object to the trial court's jury instructions or request a unanimity instruction. Generally we will not review claims raised for the first time on appeal unless the party claiming the error can show the presence of an exception to that rule, such as a manifest error affecting a constitutional right. RAP 2.5(a)(3); *State v. Robinson*, 171 Wn.2d 292, 304, 253 P.3d 84 (2011); *State v. O'Hara*, 167 Wn.2d 91, 97-98, 217 P.3d 756 (2009). However, even assuming Butler can raise this claim for the first time on appeal, we hold that identity theft is not an alternative means crime and no unanimity instruction was necessary. Therefore, Butler's claim fails.

¶5 "An 'alternative means crime' is one 'that provide[s] that the proscribed criminal conduct may be proved in a variety of ways.' " *State v. Peterson*, 168 Wn.2d 763, 769, 230 P.3d 588 (2010) (alteration in original) (quoting *State v. Smith*, 159 Wn.2d 778, 784, 154 P.3d 873 (2007)). Because the legislature has not defined what constitutes an alternative means crime, whether a statute provides an alternative means for committing a particular crime is left to judicial determination. *Peterson*, 168 Wn.2d at 769. We review questions of statutory interpretation de novo and interpret statutes to give effect to the legislature's intentions. *State v. Bunker*, 169 Wn.2d 571, 577-78, 238 P.3d 487 (2010).

¶6 There is no bright-line rule for making this determination, and we must evaluate each case on its own merits. *Peterson*, 168 Wn.2d at 769. "[T]he statutory analysis focuses on whether each alleged alternative describes 'distinct acts that amount to the same crime.' " *State v. Sandholm*, 184 Wn.2d 726, 734, 364 P.3d 87 (2015) (emphasis omitted) (quoting *Peterson*, 168 Wn.2d at 770). The more varied the criminal conduct, the more likely the statute describes alternative means. *Sandholm*, 184 Wn.2d at 734. Thus, we focus our analysis on the different underlying acts that could constitute the same crime. *State v. Owens*, 180 Wn.2d 90, 96-97, 323 P.3d 1030 (2014). The various underlying acts must vary significantly to constitute distinct alternative means. 180 Wn.2d at 97. But when the statute describes minor nuances inhering in the same act, the more likely it is the various "alternatives" are merely facets of the same criminal conduct. *Sandholm*, 184 Wn.2d at 734. Merely stating methods of committing a crime in the disjunctive does not mean that there are alternative means of committing a crime. *State v. Lindsey*, 177 Wn. App. 233, 240-41, 311 P.3d 61 (2013). A statute divided into subparts is more likely to designate alternative means. 177 Wn. App. at 241. We place less weight on the use of the disjunctive "or" and more weight on the distinctiveness of the criminal conduct. *Sandholm*, 184 Wn.2d at 734.

¶7 We begin our review by analyzing the language of the criminal statute at issue. *See Owens*, 180 Wn.2d at 96. RCW 9.35.020 reads:

(1) No person may knowingly obtain, possess, use, or transfer a means of identification or financial information of another person, living or dead, with the intent to commit, or to aid or abet, any crime.

. . . .

(3) A person is guilty of identity theft in the second degree when he or she violates subsection (1) of this section under circumstances not amounting to identity theft in the first degree.

¶8 Butler contends the use of four different verbs in the statute—obtain, possess, transfer, and use—establish that the crime is committable in more than one way, and is therefore an alternative means crime. Butler's argument is similar to the one our Supreme Court rejected in *Owens*. 180 Wn.2d at 99. The statute addressed in *Owens* provided that a person who "knowingly initiates, organizes, plans, finances, directs, manages, or supervises the theft of property for sale to others, or who knowingly traffics in stolen property, is guilty of trafficking in stolen property in the first degree." RCW 9A.82.050(1). There, the defendant argued that the eight different verbs articulated eight alternative means for committing the crime of first degree trafficking in stolen property. *Owens*, 180 Wn.2d at 95-96. He argued that his conviction had to be reversed because the State charged all eight and there was not substantial evidence to support each means charged. 180 Wn.2d at 95-96.

¶9 Relying on the placement of the word "knowingly" in two different positions in the list of verbs, the *Owens* court concluded that the statute articulated only two alternative means, not eight. 180 Wn.2d at 99. The court also pointed out that the first seven verbs were so closely related they did not really address distinct acts:

> For example, it would be hard to imagine a single act of stealing whereby a person "organizes" the theft but does not "plan" it. Likewise, it would be difficult to imagine a situation whereby a person "directs" the theft but does not "manage" it. Any one act of stealing often involves more than one of these terms. Thus, these terms are merely different ways of committing one act, specifically stealing. Consistent with *Peterson*, where the various acts of moving without giving proper notice were too similar to constitute distinct alternative means, an individual's conduct under RCW 9A.82.050(1) does not vary significantly between the seven terms listed in the first clause.

*Owens*, 180 Wn.2d at 99; *see Peterson*, 168 Wn.2d 763.

¶10  Here, the four verbs describing identity theft are like the seven verbs that described the first alternative means of trafficking in stolen property in *Owens*. The verbs here are not distinct means by which to commit identity theft, but rather are multiple facets of a single means. For instance, following the analysis in *Owens*, it would be hard to imagine the crime of identity theft being committed by a single act of "using" a check that did not also involve "obtaining" and "possessing" the check. Likewise, one could not "transfer" financial information without also "obtaining" and "possessing" that information.

¶11 Butler attempts to distinguish these verbs from those in *Owens* by arguing that one could "obtain" financial information without "using" or "transferring" it. Reply Br. of Appellant 6. However, not every verb must overlap in order to constitute a single means. For instance, in *Owens* it could be said that one could "supervise" the theft without "financing" it. *See* 180 Wn.2d at 99. Because no single action in the statute could be completed without simultaneously completing at least one other action, the various acts are too similar to constitute distinct alternative means. *See* 180 Wn.2d at 99.

¶12 We hold that identity theft is not an alternative means crime, and therefore the trial court did not err by not issuing a unanimity instruction.

¶13  A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON and LEE, JJ., concur.